■ ROBERT E. FULLER, Plaintiff, v ROBERT SCALA et al., Defendants (Action No. 1.) ROBERT E. FULLER, Respondent, v CHRYSLER LEASING CORPORATION et al., Defendants. (Action No. 2.) CARLETON G. WHITAKER, INC., Respondents, v CHRYSLER LEASING CORPORATION et al., Defendants. (Action No. 3.) ROBERT SCALA, Appellant, v DISCOUNT RENT-A-CAR CORPORATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. CARLETON G. WHITAKER, INC., et al., Third-Party Defendants-Respondents. (Action No. 4.)—Appeal by the plaintiff in Action No. 4 from an order of the Supreme Court at Special Term, entered June 11, 1975 in Delaware County, which directed that the actions be tried jointly in Delaware County at the September 1975 Term of Supreme Court. The plaintiff in Action No. 3, Carleton G. Whitaker, Inc., moved by a notice of motion dated February 27, 1975 to consolidate the actions all of which relate to a vehicular collision in Sullivan County. There was no opposition by the parties in Actions No. 1 and 2 to consolidate with Action No. 3 in Delaware County. The plaintiff, Scala, in Action No. 4, however, opposed such consolidation of his pending New York County case. In the affirmation by counsel on behalf of Scala, it is alleged that there would be an inconvenience as to his medical evidence and further that on January 27, 1975 the case had been granted a day certain—June 2, 1975 in New York County. After the affirmation on behalf of Scala dated March 11, 1975, an affidavit by other counsel involved in Action No. 4 was submitted in support of the motion which recites that the date of June 2, 1975 in New York County was for a conference and the case would not be

reached before the following fall. The affirmation on behalf of Scala is insufficient to establish such an inconvenience of the medical witnesses as would prejudice his case and no further affirmation was filed in regard to the proposed trial date in New York County set forth in the affidavit of March 11, 1975. The appellant does not now dispute the joinder of the cases for trial and the record does not disclose any abuse by Special Term of its discretion in selecting Delaware County for the venue of the actions. In this particular case, joinder was essential for a proper disposition of liability issues and quite obviously venue of at least two actions would have to be changed when Actions No. 1 and 2 were pending in Chenango County, Action No. 3 in Delaware County, and Action No. 4 in New York County. Upon the record before it, the Special Term could properly consider that the cases would be more rapidly reached in Delaware County than New York County. Order affirmed, without costs. Herlihy, P. J., Kane, Koreman, Main and Reynolds, JJ., concur.